Good morning again, Your Honors. My name is Ji-Hsuan Ye and I represent the petitioners. The government on page 21 of its brief sent a string of Second Circuit cases and asked the court to adopt the Second Circuit jurisprudence, and I agree. But I hope the government also agrees with me that pertinent jurisprudence in the Second Circuit has changed since the filing of the government's brief in April 2006. In September 2006, the U.S. Court of Justice, upon reviewing documents that suggest there is an official policy of forced sterilization in Fujian province, and that parents of children born abroad are subject to the same family planning policies as parents of native-born children. That's the case of Su Yang Guo v. 2006. And the official document in Fujian province, in that case, states, and I quote, no exception or waiver shall be applicable to Chinese nationals and citizens who engage in reproductive behavior overseas in violation of family planning regulations. What document is this? I'm sorry. Is this document in our record? No, it's not, Your Honor. And then, after the second court's decision in that case, the Second Circuit took judicial notice of the existence of such official documents and remanded several other cases to the BIA to reassess petitioners' asylum seekers' claim of forced sterilization because they have given birth to children here in the United States. Mr. Li, am I correct that, I'm not familiar with the 463F3rd case, but am I correct that the 6th, 7th, and 11th circuits have also followed the Second Circuit cases that the government cited in it, holding that the birth of children outside the country does not constitute changed conditions in the country of origin? That's before this case surfaced, Your Honor. It's just a very simple question. Am I correct that there's a string of circuits who have all held consistently with the cases the government cited? But the Third Circuit... Do you want me to repeat the question? You are correct, Your Honor, but there's one exception, the Third Circuit, held in Gore v. Ashcroft, 386F3rd 556. That's a 2004 case, in which case the Third Circuit granted a tradition for review in a case where the issue in question is whether or not China's control policy is enforced against couples with unauthorized foreign-born children. But are we talking apples and oranges here? There's a preliminary issue here, which is that this was a petition for reopening, a motion for reopening filed out of time and as a second motion. And the issue is, is there an exception to the time limits and numerosity limits on the merits of the children born outside the United States question? So that's the one that seems to me you need to address. There's a statute that seems to, or a regulation that seems to provide that the changed circumstance has to be in the country of origin. And there's a string of cases, which Judge Talman has alluded to, that says that having children when you're out of the country doesn't meet it. So what about that? It's argued in my brief to the Court, Your Honor, that I believe that the birth of a petitioner's second, the third child constitutes a change of circumstances. Yes, but in the country, arising in the country of origin, which is what the regulation says. As I said, mainly in my brief, of course it's because, precisely because of the birth control policy, which is fixed in China. Was there a change in the birth control policy in China? No, Your Honor. So what arose in China? Nothing arose in China, but if petitioner went back to China, he would have found that the circumstances have changed because of the birth of the third child. Well, that's a little bit circular, though, in terms of the argument. I think if I can ask Judge Brewson's question in a slightly different way, why was it an abuse of discretion for the BIA to deny a second motion to reopen when the clear weight of the case law on the merits is against you? As I said, Your Honor, right after that case, there are several other Second Circuit cases following the Goh versus Gonzalez case, and most recently in... But you would agree, would you not, that the vast majority of the circuits are against you? Not on the merits. On that issue, the question of the applicability of the motion to reopen with regard to children born here. To the applicability of the exception on motions to reopen. As I just said, the case that the Goh versus Gonzalez, the Second Circuit apparently retracted from its earlier holding that this does not constitute a change of circumstances. And that's not the only case. There are several other cases, as I said. I'm still not sure you've answered my question. It's a pretty straightforward question. Why is it an abuse of discretion for the BIA on a second motion to reopen to deny your motion when at the time they denied the motion, a substantial number of circuits had resolved the merits that you wish to bring back to the board against you? Well, I agree with you, Your Honor, at the time when the BIA adjudicated this motion. Well, don't we have to review the action as of the time that the board acted? I mean, we can't now say that in light of your 2000, what was it, December 2006 case in the Second Circuit that the BIA must have erred if they acted before that. And also, Your Honor, I believe the case law in this circuit says the change of law also constitutes a change of circumstances. Well, this circuit doesn't have any law on the issue. That's another problem we haven't talked about yet either. You're presenting us with an issue of first impression on the question. Yeah, then there's a law. I mean, then at a time when the BIA adjudicated the petitioner's motion, there wasn't any case law. I thought the case law was that change of law is not a change of circumstances for purposes of this regulation. Now, my understanding is that you might be able to file a second asylum petition because the change circumstances rulings, regulation there is different and does recognize that personal circumstances can be a basis for a second asylum petition, but not for an exception to the motion to reopen. But to file a second asylum application, you have to have the proceedings reopened. Otherwise, the petitioner will not be able to file a second asylum application. The asylum office would not, would reject petitioner's filing of a second asylum application. The only way for petitioners to file a second application is to have the proceedings against them reopened first and then filed. So we're back to my question that we're still struggling with, and that is, was it an abuse of discretion at the time where the weight of the authority on the merits of your claim was against you? As I just said, at the time when the BIA adjudicated the motion, there appears not to be abuse of discretion. But if we look at the authorities today, and I believe there is abuse of discretion used by the BIA in denying... Let me ask you a policy question. I think some of the courts that have wrestled with this issue have noted the concern that if we are going to permit aliens to claim changed circumstances through having children while they're here in the United States, that that would result in a perverse incentive to have lots of children while your immigration proceedings are pending in order to then claim that you can't be sent back to China because of the adverse family planning. What's your response? I think the Congress enacted this law to protect people from people's reporting of China. I understand why Congress amended the statute, but what's your response to the concern? It's a little bit like encouraging false sham marriages. We don't want to do that either in order to allow people to circumvent the immigration law. But this court in the past has granted a motion to reopen to people who have, after they come to the United States, converted to Christianity. I think this is the same thing. It's the same. Yeah, this is the same principle would apply here. The court does not have other questions. I'll raise my case. Thank you. Your Honor's Counsel, good morning. My name is Margaret K. Taylor. I represent the government in this matter. As Judges Berzon and Judge Tallman have suggested, petitioners don't really dispute the fact that their motion was procedurally infirmed because it was filed four years after a final order of removal, and it was excessive. What they're really looking for, what they are challenging, is whether the Board abused its discretion when it decided that their motion didn't fall into that small category of cases that does not have to comply with the procedural requirements. And the case does have to be disposed of within that framework, whether it fell into that small category. And I'm trying to work my way to seeing how the various statutes fit together. And it seems to me that the exception for filing a second asylum petition is different and does recognize personal circumstances as a changed circumstance that might allow a second asylum petition. Is that right? Well, Your Honor, for example, if Petitioner would want the Board to consider the Second Circuit Guo case to which they've referenced, they would be able to file another motion to reopen with the Board to see if the Board, and to bring the Guo case to the Board's attention and see if the Board would reopen. But that wouldn't be a changed circumstance? No, it wouldn't be a changed circumstance, but if petitioners want the Board to look at something, the proper procedure is not to come to this Court and say there's been a 2006 decision that we'd like the Board to look at now. The proper procedure for them to follow is to go directly to the Board. But I'm asking a different question, right? All right. Let me. The Section 208.4, H.C.F.R. 208.4, which talks about changed circumstances for purposes of 208.A.2.D. of the Act, which is the provision about filing a second asylum petition, has a different set of changed circumstances, one of which is changed circumstances in the applicant's circumstances that materially affect the applicant's eligibility for asylum. So it appears that for purposes of filing a second asylum petition, the changed circumstances that count are different. Is that much right? Your Honor, could you give me the site again so I can? H.C.F.R. 208.4. 208.4. Has a list of termed changed circumstances in Section 208.A.2.D. of the Act, which relates to filing a second asylum petition, shall refer to circumstances materially affecting the applicant's eligibility for asylum. And then it has a list, one of which is changed conditions in the applicant's country of nationality. But the next one is changes in the applicant's circumstances. So it appears that for that purpose, there's a different set of applicable changed circumstances. There was some reference in the Second Circuit case to the alternative of filing a second asylum petition, and he hasn't done that, but I'm just trying to understand how the pieces fit together here. Yes. Certainly he could go to the Board with another motion and see if the Board would reopen based on the motion. But what petitioners have done that's on review now, the question is whether they fit within the exception, and they do not. What I was about to ask you is how you would go about filing a second asylum petition with the different example of changed circumstances without filing a motion to reopen first. Could you do that, or could you just, even after the deportation order is final, file a second asylum petition? Certainly they could go to the asylum office and file another asylum application and pursue it that way also, Your Honor. So I thought Mr. Lee said you couldn't do that without reopening first, which made a lot of sense to me. I mean, okay, you walk in and you file the second application, aren't they going to say, well, wait a second, you filed an application here six years ago, or whatever the time period is now, and that's been adjudicated adversely to you, we're not going to just allow you to file a second one unless the Board is willing to reopen your file. You don't get a second A file, do you? Oh, no, not a second A file, absolutely not. But if that's true, then you end up with a contradiction. That's where I was trying to get to, all right? If you need to file a motion to reopen in order to file a second asylum petition, and the standard for the motion to reopen has one definition of changed circumstances, and the second asylum petition has a more liberal definition of changed circumstances, then you have a barrier standing in the way of you're doing something that you apparently have a right to do. It doesn't make a lot of sense. The pieces don't seem to fit, is what I'm trying to say. And I don't, if you would have to file a reopening, motion to reopen, and meet the more narrow changed circumstances in order to file an asylum petition that has a broader set of changed circumstances, that doesn't make sense. I understand your confusion, and if I could address it in a supplemental brief, I'd be happy to do that. All right. At some point, it's just to see, you know, what really, whether there is a line through this that would allow a person like this to pursue any relief, and I can't figure that out. Well, I am secure in one thing, Your Honor, that under the Refugee Convention, and under INA 208 and 241b3 particularly, the country has an obligation to give safe haven to refugees. And in this case, however, what we're talking about is the exception to the procedural flaws in the motion to reopen. And certainly in this context, petitioners really don't have anywhere to go, because the board did not abuse its discretion when the exception, where they were relying on discredited evidence, because as you'll recall from the record, this third child that they claim, there was an adverse credibility as to the third child that both the board and this court approved. So they were relying on discredited evidence. They were relying on an inapposite affidavit regarding someone else who had three children in the Netherlands, and they were relying on an unreliable document. And certainly the court didn't abuse its discretion when it found that on this poor evidence that they didn't fall into this small category of exceptions. So your position, I gather, is that the merits question of what the record shows or what other courts have done with regard to children born in the United States is really not before us. It's only before you if it's viewed in the context of the exceptions. And that jurisprudence is very much with the government. There are very legitimate policy reasons not to broaden the availability of the exceptions. Now this court has, although this court has not addressed the issue of the exception in the context of the PRC issue, it has addressed the exception issue in Azanur where the court held, and it was the 9th Circuit Court that held, endless delay in deportation by aliens creative and fertile enough to continuously produce new and material evidence facts to establish prima facie cases should not be allowed. The cite to Azanur is 364F31013. It's also cited in the brief. Okay. Thank you. If it should seem pertinent to you to try to explain how these pieces fit together, it might make sense. We're presumably going to have to do a published opinion in this case because we don't have any case law on it. And there might be something pertinent about how, what the alternative route would be. So you would like a supplementary? I would be interested. We'll issue an order if you want to. I'll take care of it. Yes. Yes. All right. I will do that. Thank you. And then you'll have a chance to reply to that. So the government does request that the court deny the petition. Thank you. We'll give you a minute. Good morning for the third time, Your Honors. On this case, it's similar to the last case. So some of the arguments as to the merits for the last case are also applicable here. In this case, the immigration judge found the petitioner has a subjective fear of future prosecution based upon the birth of a three-year-old. What are we talking about now? Are you doing a rebuttal on the last case, or are you doing a new argument in the next case? A new argument for this case. Oh, wait a minute. We're not up to that yet. Oh, I'm sorry. Are you on the next one too? Yes. I'm sorry. I was trying to give you a one-minute rebuttal on the other case. Oh, I'm sorry, Your Honor. Actually, let me just say that, you know, probably I will reserve another rebuttal. Because we have to change lawyers before we can go on to the next one. You can waive rebuttals. And just move into the next opinion. Anyway, do we have anything else to say on the age case? No, no, no. Not for that. No. Okay. Why don't you sit down for a moment? Let's change counsel. Not rebuttal for when I reply to a government's supplemental brief. Okay. Thank you. Why don't you sit down for a minute, and then we'll change lawyers. Are you arguing the next one as well? No. Okay. It's submitted. The case of Hay versus Gonzalez is submitted.
judges: Thompson, Berzon, Tallman